# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Paul R. Glenn Architects, Inc., | ) | Bankruptcy No. 12-031208 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Paul R. Glenn Architects, Inc., | ) | Adversary No. 12-01266 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Manhard Consulting, LTD., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion on Motion for TRO and Preliminary Injunction** (Dkt. No.13)

On August 6, 2012, Debtor, Paul R. Glenn Architects, Inc. ("Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code ("Code"). The Debtor is an architectural firm which provides architectural and construction management services. Paul R. Glenn ("Glenn") is the Debtor's owner and its only licensed architect. It has two other employees: a draftsman and an administrator.

On August 14, 2012, the Debtor filed the Adversary Complaint herein against Manhard Consulting, Ltd. ("Manhard") seeking declaratory and injunctive relief. On January 2, 2013, the Debtor filed a Motion for a Temporary Restraining Order and a Preliminary Injunction ("Motion"); it asks that the court enjoin Manhard from continuing with litigation against Glenn individually which seeks damages based on allegations that Glenn acted negligently in connection with the construction of water treatment facilities in California. The case is pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, styled as *Manhard*

*Consulting, Ltd. v. Paul R. Glenn Architects, Inc., et al.* Case No. 2011 L 1030. For the reasons noted herein, the Motion is granted.

**I.    Jurisdiction**

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(a). Under 28 U.S.C. § 1334(a) the federal district courts have "original and exclusive jurisdiction" of all cases under title 11, the Bankruptcy Code. However, the district courts may refer bankruptcy cases to the bankruptcy judges for their district under 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has made such a reference through its Internal Operating Procedure 15(a). When presiding over a referred case, a bankruptcy judge has jurisdiction under 28 U.S.C. § 157(b)(1) to enter appropriate orders and judgments as to core proceedings in the case.

Bankruptcy courts have limited subject matter jurisdiction. Bankruptcy court jurisdiction lies in four instances: "(1) all cases under the bankruptcy code ("title 11") - i.e. bankruptcy petitions; (2) civil proceedings 'arising under' title 11; (3) civil proceedings 'arising in' a case under title 11; and (4) civil proceedings 'related to' a case under title 11." *In re Resource Technology Corp.*, No. 03 C 5785, 2004 WL 419918, at *3 (N.D. Ill. 2004). A claim 'arises under' title 11 when it is based on a cause of action determined by a statutory provision of title 11. Matters that 'arise in' cases under title 11 include matters concerning the administration of the bankruptcy estate, such as orders to turn over property of the estate, determinations of the validity of liens, motions to appoint trustees under 11 U.S.C. § 1104 and contempt matters. COLLIER ON BANKRUPTCY ¶ 3.01 [4][c][i] - [iv] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). A claim is 'related to' title 11 when its resolution "affects the amount of property available for distribution or the allocation of property among creditors." *Home Ins. Co. v. Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989) (quoting *In re Xonics, Inc.* 813 F.2d 127, 131 (7th Cir. 1987).

The Lake County, Illinois lawsuit against the Debtor's only architect is related to this bankruptcy case because if it proceeds to resolution, such could hinder this court's ability to

allow the Debtor to reorganize by diverting its principal's time and funds which are necessary for the Debtor's reorganization.

## II.   Facts

The Amended Complaint filed in the Lake County, Illinois case on March 7, 2012 alleges that Manhard was the general contractor of a project involving a number of water treatment facilities in Ferndale, California. Manhard hired the Debtor to provide architectural design and drawing services for three waste water treatment buildings pursuant to an agreement signed in 2008. *See* Amended Complaint for 11 L 1130, Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, ¶¶ 9-13, Exhibit A to Adversary Complaint 12-1266. Manhard alleges that thereafter the Debtor and Glenn breached the agreement and performed negligently by rendering defective architectural services causing Manhard to incur considerable remediation expenses. The issues include whether the work of the Debtor and Glenn met California's seismic building codes designed to protect against damage from earthquakes, and whether the Debtor and Glenn failed to ensure that the facilities were free from electrical, structural and other design defects.

At the January 31, 2013 hearing of the Motion, Glenn testified credibly that he cannot conduct the Debtor's affairs and participate in the Lake County, Illinois lawsuit at the same time. His many responsibilities regarding the Debtor's affairs consume all of his available time and energy. If he does not tend to the Debtor's business it will not make sufficient funds to reorganize. Glenn testified that during the recent economic downturn the Debtor's business suffered, but that the Debtor now has many projects and prospects. On December 6, 2012, the Judge presiding over the state court case ordered the parties therein to participate in mediation of the matter. The parties are required to attend a status hearing regarding mediation before that Judge on February 14, 2013.

Manhard complains that the Debtor delayed pursuing injunctive relief. However, the court was informed at the hearing that the parties herein agreed to delay the Motion until after the recent holiday season. Manhard also complains that this court's jurisdiction is not impaired by the Lake County, Illinois litigation. This court disagrees and finds that it can remediate that

situation. The Seventh Circuit Court of Appeals has ruled that bankruptcy courts may stay litigation against nondebtors.

> In limited circumstances, the trustee may temporarily block adjudication of claims that are not property of the estate by petitioning the bankruptcy court to enjoin the other litigation, if it is sufficiently "related to" her own work on behalf of the estate. 28 U.S.C. § 1334(b). The jurisdiction of the bankruptcy court to stay actions in other courts extends beyond claims by and against the debtor, to include "suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate," (quoting *Zerand-Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161-62 (7th Cir. 1994)), or "the allocation of property among creditors." (quoting *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1992)) . . . .

*Fisher v. Apostolou,* 155 F.3d 876, 882 (7th Cir. 1998).

### III. Authority to Enjoin Lawsuits Against Nondebtors

Section 362 of the Bankruptcy Code provides for an automatic stay of litigation against a debtor at the filing of the petition for bankruptcy relief. 11 U.S.C. § 362(a). This provision enjoins litigation against the party seeking bankruptcy relief but it does not stay actions against nondebtors. However, Section 105(a) of the Bankruptcy Code authorizes the issuance of injunctive relief to stay litigation against nondebtors. Section 105(a) provides that the bankruptcy court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Requests to enjoin litigation pursuant to 11 U.S.C. § 105 are core proceedings over which bankruptcy judges have authority to enter final orders. *In re Gander Partners, LLC,* 432 B.R. 781, 785 (Bankr. N.D. Ill. 2010) *aff'd,* 442 B.R. 883 (N.D. Ill. 2011), citing *Walsh v. Abrams (In re HGB Servicecenter, Inc.),* 45 B.R. 668, 671 (Bankr. E.D.N.Y. 1985) and *Baptist Med. Ctr. of New York v. Singh (In re Baptist Med. Ctr. of New York),* 80 B.R. 637, 645 (Bankr. E.D.N.Y. 1987).

A Section 105 injunction restraining creditors from proceeding against nondebtors is justified only if the creditor's actions would interfere with, deplete or adversely affect property of a debtor's estate or which would frustrate the statutory scheme embodied in Chapter 11 or

diminish a debtor's ability to formulate a plan of reorganization. *In re Lazarus Burman Assocs.,* 161 B.R. 891, 898 (Bankr. E.D.N.Y. 1993) (injunction issued enjoining lender from pursuing actions against nondebtor principals).

As this court explained in *In re Gander Partners,* courts generally recognize four circumstances in which the entry of a Section 105 injunction restraining creditors from proceeding against nondebtors may be appropriate:

> 1. there be the danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize[1];
>
> 2. there must be a reasonable likelihood of a successful reorganization;
>
> 3. the court must balance the relative harm as between the debtor and the creditor who would be restrained;
>
> 4. the court must consider the public interest; this requires a balancing of the public interest in successful bankruptcy reorganizations with other competing societal interests.

*In re Gander Partners, LLC,* 432 B.R. at 788.

The Seventh Circuit held in *Fisher* that a bankruptcy court may enjoin proceedings in other courts under the following circumstances: (1) when the proceedings defeat or impair its jurisdiction over the case before it; (2) the moving party has established a likelihood of success on the merits; and (3) the court must consider whether the injunction will harm the public interest. *Fisher,* 155 F.3d at 882.

The Debtor has satisfied each requirement by clear and convincing evidence. The Debtor's limited resources cannot cover the expenses of the Lake County, Illinois lawsuit and its operating and reorganization expenses. If the Debtor has to expend its resources on its defense, it cannot generate sufficient income to fund a plan. The Lake County, Illinois case could defeat or

---

[1]The Seventh Circuit does not require a showing of irreparable injury. *See Fisher v. Apostolou,* 155 F.3d 876, 882 (7th Cir. 1998).

impair this court's ability to allow the Debtor to reorganize.

The Debtor has shown some likelihood of success. Glenn testified at the hearing that the designs submitted by the Debtor were not used in the construction of the water treatment facilities. The Debtor will be able to confirm a plan of reorganization if Glenn can focus on restructuring the Debtor without having to spend his time and energy on defending himself in the Lake County, Illinois lawsuit.

The limited harm to Manhard by delaying, not terminating, the Lake County, Illinois litigation is balanced by the significant harm likely to be visited on the Debtor if the lawsuit proceeds.

The public interest will be served by temporarily staying the Lake County, Illinois litigation as the temporary delay will foster the Debtor's reorganization. "[P]romoting a successful reorganization is one of the most important public interests." *In re Integrated Health Services, Inc.*, 281 B.R. 231, 239 (Bankr. D.Del. 2002).

## IV.    Preliminary Injunction

The court enjoins Defendant Manhard Consulting, Ltd. preliminarily from continuing any judicial, administrative, or other legal action or proceeding, including the following lawsuit: 11 L 1030 in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois[2].

Due to the scope of the relief being granted herein, the court limits the duration of this preliminary injunction to 120 days, up to and including June 5, 2013.

Federal Rule of Bankruptcy Procedure 7065(c) states in part that a court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found

---

[2] The request for a temporary restraining order ("TRO") is moot. TROs contemplate matters being heard without notice. All parties have been noticed herein.

to have been wrongfully enjoined or restrained. Federal Rule of Bankruptcy Procedure 7065(c). The court declines to require the Debtor to give security because of the limited duration of the preliminary injunction granted herein.

A separate order will issue.

DATED: February 5, 2013         ENTER: *Jacqueline P. Cox*
                                       _J.Cox_____
                                       Jacqueline P. Cox
                                       U.S. Bankruptcy Judge